UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AUBREY SREDNICKI, individually, and on behalf of all others similarly situated,<br><br>      *Plaintiffs*,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>      *Defendant*. | Case No. 3:23-cv-00243<br><br>CLASS ACTION |

**FINAL APPROVAL OF THE SETTLEMENT AGREEMENT; FINAL JUDGMENT; AWARD OF ATTORNEYS' FEES, EXPENSES, AND <u>INCENTIVE AWARD; AND ORDER OF DISMISSAL WITH PREJUDICE</u>**

**WHEREAS**, Plaintiff Aubrey Srednicki ("Srednicki"), individually and on behalf of the Settlement Class members (together, "Plaintiffs"), as defined below, and Defendant Cigna Health and Life Insurance Company ("Cigna") (with Plaintiffs and Defendant collectively referred to herein as the "Parties"), have agreed to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Settlement Agreement to this Action and all exhibits thereto;

**WHEREAS**, on March 10, 2023, this Court entered a Preliminary Approval Order [ECF No. 17] that conditionally certified pursuant to Federal Rule of Civil Procedure 23, for settlement purposes only, a class consisting of:

> All Persons who were or are enrolled in a Plan, who received laboratory services from LabCorp and/or Sonora Quest through Cigna HealthCare of Arizona, Inc., Cigna Medical Group, or Health Diagnostics Laboratory, on or after October 7, 2011, and whose cost share for such services was greater than the amount they would have owed had their cost-sharing responsibility been based on the amount paid by Cigna HealthCare of Arizona, Inc., Cigna Medical Group, or Health Diagnostics Laboratory to LabCorp and/or Sonora Quest for those services (the "Settlement Class").

Excluded from the Settlement Class are: (1) any of Cigna's officers or directors; (2) the

1

judicial officers to whom this case is assigned and any members of their staffs and immediate families; (3) any heirs, assigns, or successors of any of the persons or entities described in parts (1) and (2) of this paragraph; and (4) the persons listed on Exhibit 1 hereto who have opted out of the Settlement.

**WHEREAS**, in the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Final Approval Hearing ("Notice") directed to members of the Class;

**WHEREAS**, on April 21, 2023, Rust Consulting (the "Settlement Administrator") caused the Notice to be mailed to all members of the Class, which informed members of the Settlement Class of the Settlement terms and that the Court would consider the following issues at the Final Approval Hearing: (i) whether the Court should grant final approval to the Settlement; (ii) the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel; (iii) whether to approve the payment of the Incentive Award to the Class Representative and the amount of the Incentive Award; and (iv) any objections by members of the Class to any of the above that were timely and properly served in accordance with the Preliminary Approval Order;

**WHEREAS**, on April 21, 2023, the Settlement Administrator also established a Settlement website that included information about the Settlement and Class Members' rights and options;

**WHEREAS**, the Settlement Administrator provided notice to the appropriate state and federal officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715;

**WHEREAS**, on May 18, 2023, Plaintiffs moved unopposed for final approval of the Settlement Class ("Plaintiffs' Motion for Final Approval") and for attorneys' fees and expenses (the "Fee Application");

**WHEREAS**, this Court finds that the papers are detailed and sufficient to rule on Plaintiffs' Motion for Final Approval and the Fee Application on the papers; and

**WHEREAS**, this Court, having heard from Class Counsel on behalf of the Settlement

Class, and from Defendant's Counsel, and having reviewed all other arguments and submissions presented by all interested persons and entities with respect to the Settlement and the Fee Application; and

**WHEREAS**, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement and Release (the "Settlement Agreement") filed at [ECF No. 5-1], it is hereby

**ORDERED, ADJUDGED, DECREED, AND FOUND THAT:**

1. This case arises out of the putative class action complaint filed in the U.S. District Court for the District of Connecticut, Case No. 3:17-cv-1693, by Lead Plaintiff Jeffrey Neufeld, on behalf of himself and the putative class, against Cigna, on October 6, 2017 (the "*Neufeld* Action").

2. The putative class action complaint in the *Neufeld* Action has been amended four times, on December 17, 2017, September 24, 2018, August 6, 2019, and March 10, 2020. As a result of those amendments, additional *Neufeld* Lead Plaintiffs were added, including Srednicki.

3. Plaintiffs in the *Neufeld* Action allege that Cigna improperly calculated and charged cost share to Plan Members for services provided by third party vendors CareCentrix, eviCore, and Linkia, violated the written terms of ERISA plan documents, and misrepresented the Cost Share based on CareCentrix's, eviCore's, or Linkia's charges in explanation of benefit forms, and that in so doing Cigna violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000, *et seq.* ("ERISA") and the other state and federal laws.

4. In the *Neufeld* Action, Srednicki brought ERISA claims related to laboratory services provided through Cigna Medical Group. Srednicki alleged that Cigna HealthCare of Arizona, Inc. or its affiliates, including Cigna Medical Group, improperly

calculated and charged cost share, in the form of deductible or co-insurance to Cigna plan members for services provided through Health Diagnostic Services (the internal laboratory for Cigna Medical Group that ceased operations in 2018, or "HDL") and LabCorp and/or Sonora Quest (the "Contested HDL Fees"). Srednicki further alleges that Cigna violated the written terms of ERISA plan documents, and misrepresented the cost share based on the Contested HDL Fees in explanation of benefit forms, and that in so doing Cigna violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000, *et seq.* ("ERISA") and other state and federal laws.

5. Srednicki and Cigna, by and through their Counsel, engaged in extensive settlement negotiations and agreed to settle Srednicki's claims related to laboratory services provided through Cigna Medical Group in the *Neufeld* Action.

6. On February 8 and 9, 2023, respectively, Cigna and Srednicki executed the Settlement Agreement.

7. On February 24, 2023, Lead Plaintiff Srednicki withdrew from the *Neufeld* Action pursuant to the Settlement Agreement.

8. On February 23, 2023, Srednicki filed this action, on behalf of herself and the putative class, in the U.S. District Court for the District of Connecticut, Case No. 3:23-cv-00243 (the "Action") pursuant to the Settlement Agreement. The Action asserts ERISA claims related to laboratory services provided through Cigna Medical Group that she previously alleged in the *Neufeld* Action.

9. The Settlement Agreement provides substantial and meaningful relief to the Settlement Class, including the payment three hundred thousand dollars ($300,000) to Plaintiffs pursuant to the Settlement Agreement.

10. The Settlement Agreement provides for a settlement under which members of the Settlement Class will receive a *pro rata* payment from the Total Settlement Fund based on the difference of: (1) the aggregate amount of each member's cost share for laboratory services provided through Cigna HealthCare of Arizona, Inc., Cigna Medical Group, or Health Diagnostics Laboratory; and (2) the aggregate amount of cost share for laboratory services provided through Cigna Medical Group had cost share been calculated using the rates Cigna HealthCare of Arizona, Inc., Cigna Medical Group, or Health Diagnostics Laboratory paid LabCorp and/or Sonora Quest. Notwithstanding the foregoing, any claims for services that a class member may have had in which the rates paid to LabCorp and/or Sonora Quest were greater than the rates of Cigna HealthCare of Arizona, Inc., Cigna Medical Group, or Health Diagnostics Laboratory will be excluded from the calculation of the *pro rata* payment from the Total Settlement Fund described in the preceding sentence and there will be a minimum base distribution (before any pro rata reduction) of $5 for each member of the Settlement Class.

11. The Settlement Class as provided in the Preliminary Approval Order is conditionally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) for the purposes of the Settlement only. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class members is in the thousands and is so numerous that joinder of all Settlement Class members is impracticable; (b) there are questions of law and fact common to the Settlement Class members; (c) Lead Plaintiff Srednicki's claims are typical of the claims of the Settlement Class members she seeks to represent for purposes of this Settlement; (d) Lead Plaintiff Srednicki and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) prosecuting separate actions would create a risk of inconsistent or varying adjudications with

respect to individual Settlement Class members that would establish incompatible standards of conduct for Defendant; (f) Defendant has acted on grounds with respect to laboratory services provided through Cigna Medical Group that apply generally to the Settlement Class, so that the benefits provided in the Settlement Agreement are appropriate for the Settlement Class as a whole; (g) questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member with respect to laboratory services provided through Cigna Medical Group; and (h) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23. Excluded from the Settlement Class are those Persons who would otherwise be Settlement Class members listed in Exhibit 1 hereto, whose requests to Opt Out from the Settlement Class are hereby accepted by the Court.

      A.      The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by trial of a class action involving the issues in the Action.

      B.      For the purposes of Settlement only, Plaintiff Aubrey Srednicki is confirmed as the Class Representative of the Settlement Class, and Robert A. Izard, Craig A. Raabe, and Christopher M. Barrett of Izard, Kindall & Raabe, LLP, and William H. Narwold, Mathew Jasinski, and Meghan Oliver of Motley Rice LLC are confirmed as Co-Lead Class Counsel.

    12.    Notice to the members of the Settlement Class required by Federal Rule of Civil Procedure 23 has been provided as directed by this Court in the Preliminary Approval Order, and such notice having constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the members of the Settlement Class,

has satisfied the requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and all other applicable laws.

13. Defendant has complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* Defendant, through the Settlement Administrator, timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to appropriate state and federal officials under the Class Action Fairness Act. The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendant has complied in all respects with the requirements of 28 U.S.C. §1715.

14. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects, and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Settlement Class. Plaintiffs and Defendant are directed to promptly consummate the Settlement in accordance with the Settlement Agreement and all of its terms.

15. The Settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing or breach of any duty or a concession that a class action could be certified in other contexts, such as the *Neufeld* Action, on the part of Cigna or the Released Parties.

16. The Action is hereby dismissed, with prejudice, on the merits, as against the Defendant, on the terms and conditions set forth in the Settlement Agreement, and without costs to any party except as provided herein and in the Settlement Agreement.

17. Plaintiffs, each Settlement Class member, and each Releasing Party who are not listed in Exhibit 1 shall be deemed to have, and by operation of this Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released

Claims against the Released Parties in the manner(s) set forth in Section 6 of the Settlement Agreement.

18. Plaintiffs, each Settlement Class member, and each Releasing Party who are not listed in Exhibit 1 are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties.

19. An Incentive Award is hereby awarded to the Class Representative in the amount of $7,500.00, to be deducted from the Total Settlement Fund.

20. Class Counsel are hereby awarded a total of $110,000.00 as a combined award for both attorneys' fees and reimbursement of their reasonable costs and expenses, to be deducted from the Total Settlement Fund.

21. The award of attorneys' fees to Class Counsel shall be allocated among Class Counsel in a fashion that Co-Lead Class Counsel in good faith believes reflects the contributions of Class Counsel to the initiation, prosecution, and resolution of the *Srednicki* Action.

22. In making its award of attorneys' fees and reimbursement of expenses, in the amounts described in paragraph 20 above, the Court has considered and finds as follows:

    a. The Settlement has provided significant relief to the Settlement Class;

    b. The Notice and Summary Notice constituted the best notice practicable to Settlement Class members consistent with the requirements of due process;

    c. The Action involves complex factual and legal issues and, in the absence of the Settlement, would involve further lengthy proceedings and uncertain resolution of such issues;

    d.  Had the Settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendant, and that any recovery would have been significantly delayed; and

    e.  The amount of attorneys' fees and reimbursable expenses awarded to Class Counsel, the Incentive Award awarded to the Class Representative, and the Plan of Allocation are fair and reasonable.

23. Defendant and the Released Parties shall not be liable for any additional fees or expenses for Class Counsel or counsel of any Plaintiffs or Settlement Class members in connection with the Action, beyond those expressly provided in the Settlement Agreement.

24. Any appeal or challenge affecting the approval of: (a) the Plan of Allocation and/or (b) this Court's approval regarding any attorneys' fees, expenses, or Service Awards shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective date of the Settlement.

25. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment pursuant to the Federal Rules of Civil Procedure.

26. Jurisdiction is reserved, without affecting the finality of this Final Approval Order and Judgment, over:

    a.  Effectuating the Settlement and the terms of the Settlement Agreement, including the payment of Plaintiffs' counsel's attorneys' fees and reimbursement of expenses, including any interest accrued thereon;

    b.  Supervising all aspects of the administration of the Settlement;

    c.    Determining whether, in the event an appeal is taken from any aspect of this Final Approval Order and Judgment, notice should be given at the appellant's expense to some or all Settlement Class members apprising them of the pendency of the appeal and such other matters as the Court may order;

    d.    Enforcing and administering the Settlement Agreement and the Settlement, including any releases executed in connection therewith, and the provisions of this Final Approval Order and Judgment;

    e.    Adjudicating any disputes that arise under the Settlement Agreement; and

    f.    Any other matters related or ancillary to the foregoing.

27. The above-captioned Action is hereby dismissed in its entirety with prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of July 2023.

                              */s/ Kari A. Dooley*
                              KARI A. DOOLEY
                              UNITED STATES DISTRICT JUDGE